IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

AMOS F. SMITH, #92541                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 3:08-cv-147-HTW-LRA

CHRISTOPHER EPPS                                                                        DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Smith is an inmate incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, who has filed this complaint pursuant to Title 42 U.S.C. § 1983. The named Defendant is Christopher Epps, Commissioner of Mississippi Department of Corrections. The Plaintiff seeks monetary damages as relief.

Background

The Plaintiff claims that he was sent to South Mississippi Correctional Institution from George County Correctional Facility with a check from his inmate banking account for $103.49. Plaintiff then claims that when he arrived at South Mississippi Correctional Institution that $74.65 was deposited into his inmate account, creating a deficiency of $28.84. The Plaintiff states that Defendant Christopher Epps, in being the commissioner of the Mississippi Department of Corrections, knew or should have known that his money was taken out of his inmate bank account and is solely responsible for the deficiency. This Court ordered the Plaintiff to file a written response and provided the Plaintiff with the opportunity to name any other Defendants in this cause. In his response, the Plaintiff explicitly stated that there were no other Defendants that he wished to name. *Resp*. [6], p. 4.

Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted *in forma pauperis* status Section 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that a complaint filed pursuant to Title 42 U.S.C. § 1983 is not cognizable absent the Defendant's depriving the Plaintiff of some right secured to the Plaintiff by the Constitution or the laws of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (first inquiry in any section 1983 suit is whether the Defendant has deprived the Plaintiff of a right secured by the Constitution).

It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517 (1984). This holds equally true for claims of negligent deprivation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). State law may provide an adequate post deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984). Inmate grievance procedures put in place by the prison may also constitute an adequate post-deprivation remedy. *See, e.g., Hudson*, 468 U.S. at 536 n. 15. There is a inmate grievance procedure available to Plaintiff for such a loss. *See* Mississippi Department of Corrections Inmate Handbook, Revised

December 2001, Chapter VIII.

The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery, and replevin, any of which Plaintiff can use to recover the property he insists was wrongfully taken from him. Further, it has been held that "Mississippi' s post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Since the State of Mississippi affords Plaintiff an adequate post deprivation remedy for the alleged discrepancy in his inmate bank account, no due process violation exists and the Plaintiff's assertion that the Defendant has violated his constitutional rights is found to be without merit.

## Conclusion

As discussed above, the Plaintiff has failed to present an arguable constitutional claim against this Defendant. Therefore, this case will be dismissed for failure to state a claim, pursuant to Title 28 U.S.C. § 1915(e)(2)(ii), with prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

## Three-strikes provision

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike"[1]. If the Plaintiff receives "three strikes" he will be denied *in forma pauperis*

---

[1] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

status and will be required to pay the full filing fee to file a civil action or appeal.

      SO ORDERED, this the 29th day of May, 2008.

                              s/ HENRY T. WINGATE
                              CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:08-cv-147 HTW-LRA
Memorandum Opinion and Order